UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                              :
                                              :
IN RE VIVENDI UNIVERSAL, S.A.                 :
SECURITIES LITIGATION                         :        **OPINION AND ORDER**
------------------------------------------------------- :
                                              :        **02 Civ. 5571 (SAS)**
**This document relates to:**                 :
                                              :
03 Civ. 5911      07 Civ. 7370                :
07 Civ. 8156      07 Civ. 11484               :
09 Civ. 2568      09 Civ. 2592                :
09 Civ. 2603      09 Civ. 7962                :
                                              :
                                              :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/12

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

I.    **INTRODUCTION**

         Numerous plaintiffs filed individual actions after being excluded from

the certified class action *In re Vivendi Universal, S.A. Securities Litigation* (the

"Individual Plaintiffs").[1]  Most of the Individual Plaintiffs had their claims

dismissed pursuant to *Morrison v. National Australia Bank Ltd.*[2] on April 30, 2012

and May 17, 2012.[3]  At a conference held on April 24, 2012, I instructed the

---

[1]     *See In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 109
(S.D.N.Y. 2007).

[2]     130 S. Ct. 2869 (2010).

[3]     *See* 4/30/12 Order [Docket No. 1131]; 5/17/12 Stipulation and Order
[Docket No. 1142].

-1-

remaining Individual Plaintiffs,[4] the GAMCO Plaintiffs,[5] and the defendants[6] to

submit motions seeking to apply rulings from the class action and *Liberty Media v.*

*Vivendi Universal S.A.*[7] to the Individual Plaintiffs and GAMCO Plaintiffs actions,

which have long been dormant, in an effort to move them toward a resolution.

Defendants moved to apply the damages methodology from the July 5, 2012

Opinion and Order in the class action[8] to the Individual Plaintiffs and GAMCO

Plaintiffs actions.  The Individual Plaintiffs and GAMCO Plaintiffs moved for

collateral estoppel on certain issues based on the jury verdict in the class action and

---

[4]     The remaining Individual Plaintiffs consist of AFA Livforsakringsaktiebolag; AFA Sjukforsakringsaktiebolag; Kollektivavtalsstiftelsen Trygghetsfonden TSL; AFA Trygghetsforsakringsaktiebolag; Alecta Pensionsforsakring Omsesidigt; Caisse de Depot et Placement du Quebec; DEKA Investment Gmbh; DEKA International (Ireland) Limited; and Norges Bank.

[5]     The GAMCO Plaintiffs consist of GAMCO Investors, Inc., GAMCO Global Series Funds, Inc., Gabelli Capital Asset Fund, The Gabelli Value Fund, Inc., The Gabelli Asset Fund, The GAMCO Mathers Fund, The Gabelli Global Multimedia Trust Inc. The Gabelli Equity Trust Inc., The Gabelli Covertible and Income Securities Fund Inc., and GAMCO International Growth Fund, Inc.

[6]     The defendants consist of Vivendi, S.A. ("Vivendi"), Jean-Marie Messier, and Guillaume Hannezo.  Messier and Hannezo (the "Individual Defendants") are only defendants in three of the above-captioned actions.  Nos. 07 Civ. 7370, 8156, and 11484.

[7]     No. 03 Civ. 2175.

[8]     No. 02 Civ. 5571, — F.R.D. —, 2012 WL 2829556 (S.D.N.Y. July 5, 2012) ("July 5, 2012 Opinion and Order").

the April 11, 2012 Opinion and Order granting collateral estoppel in *Liberty Media*.[9]  For the following reasons, defendants' motions are granted and plaintiffs' motions are granted in part and denied in part.

## II.   DAMAGES METHODOLOGY

In the July 5, 2012 Opinion and Order, I ruled, with respect to the class action, that "damages will be computed using LIFO [last-in, first-out], where sales of Vivendi ADSs during the Class Period will be matched against the last ADSs acquired by a particular Class Member."[10]  Likewise, if any Individual Plaintiffs or GAMCO Plaintiffs succeed in establishing liability against any of the defendants, a LIFO methodology will be applied to calculate that plaintiff's damages for the reasons more fully described in the July 5, 2012 Opinion and Order.[11]

I also adopted a partial netting methodology for calculating damages in the class action.[12]  Under this methodology, "only those gains resulting from

---

[9]      No. 03 Civ. 2175, 2012 WL 1203825 (S.D.N.Y. Apr. 11, 2012) ("Liberty Media").  The collateral estoppel motion only pertains to Vivendi because the class action jury did not find the Individual Defendants liable for any claims.

[10]      July 5, 2012 Opinion and Order, 2012 WL 2829556, at *12.

[11]      *See id.*

[12]      *See id.* at *11; 7/17/12 Order [Docket No. 1164].

transactions occurring between the first materialization date and the end of the Class Period will be used to offset losses incurred during that very same period."[13] To avoid any doubt, a subsequent Order phrased that ruling in another manner: "the gains a class member accrues from selling any shares after the first materialization date offset a class member's aggregate loss, regardless of when those shares were purchased."[14] For the reasons stated in the July 5, 2012 Opinion and Order,[15] the partial netting methodology will also apply to calculate damages in the event that any of the Individual Plaintiffs or GAMCO Plaintiffs establish liability against any of the defendants.

Vivendi also seeks a ruling that the Individual Plaintiffs and GAMCO Plaintiffs are not entitled to prejudgment interest, or are entitled to the measure granted to the class; namely, "prejudgment interest based on the yield of a one-year treasury note compounded annually starting August 14, 2002."[16] The Individual Plaintiffs argue that this measure of interest is inappropriate in these actions to the

---

[13]   July 5, 2012 Opinion and Order, 2012 WL 2829556, at *11.

[14]   7/17/12 Order at 1 (quotations omitted).

[15]   *See* July 5, 2012 Opinion and Order, 2012 WL 2829556, at *11.

[16]   *Id.* at *16.

extent that my ruling was based on the delay that occurred during the class action.[17]

While the Individual Plaintiffs are correct that delay was one factor that I considered in the July 5, 2012 Opinion and Order, my "primary" concern was "to not provide plaintiffs with a windfall."[18]  I reasoned that "[b]ecause plaintiffs would likely have not received a significant return on their investments, any award above the presumptive rate, based on the yield of a one-year treasury note, would be speculative and result in a windfall for plaintiffs."[19]  The distinguishing factor identified by the Individual Plaintiffs does not change the analysis more thoroughly stated in the July 5, 2012 Opinion and Order.[20]  Accordingly, if the Individual Plaintiffs or GAMCO Plaintiffs succeed in establishing liability against Vivendi, they will be entitled to prejudgment interest based on the yield of a one-year treasury note compounded annually starting August 14, 2002.

## III.   COLLATERAL ESTOPPEL

### A.   Applicable Law

---

[17]     *See* Individual Plaintiffs' Memorandum of Law in Opposition to Defendant Vivendi, S.A.'s Motion to Establish the Method of Calculating Damages at 2-3.

[18]     July 5, 2012 Opinion and Order, 2012 WL 2829556, at *16.

[19]     *Id.*

[20]     *See id.* at *14-16.

Collateral estoppel bars re-litigation of an issue where "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."[21]  A court should also consider whether estoppel would be unfair to the defendant because the current plaintiff could have easily joined the earlier action, the current suit was not foreseeable, the defendant had little incentive to defend the first action vigorously, or the second action affords the defendant procedural opportunities that could cause a different result.[22]

**B.    Discussion**

**1.    Individual Plaintiffs**

In *Liberty Media*, I granted plaintiffs' request for collateral estoppel and barred Vivendi from relitigating the Section 10(b) elements of falsity, materiality, and scienter.[23]  The Individual Plaintiffs present an even stronger argument for collateral estoppel than Liberty Media did, because the Individual

---

[21]    *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998).

[22]    *See Parklane Hoisery Co. v. Shore*, 439 U.S. 322, 330-31 (1979).

[23]    *See Liberty Media*, 2012 WL 1203825, at *5-8.

Plaintiffs, like the class, purchased ADSs on the New York Stock Exchange.
Because Vivendi has failed to raise any arguments with respect to the Individual
Plaintiffs, beyond what they raised with respect to Liberty Media, collateral
estoppel against Vivendi with respect to falsity, materiality, and scienter is
granted.[24]  To be clear, this establishes that Vivendi made fifty-seven materially
false/untrue or misleading statements that misstated or omitted Vivendi's true
liquidity risk, and Vivendi made those statements with scienter.[25]

      The Individual Plaintiffs request broader collateral estoppel effect
than I granted in the *Liberty Media* action.  *First*, they request collateral estoppel in
their favor on the element of loss causation.  This request is based on the testimony
given by Dr. Blaine Nye in the class action and Judge Holwell's February 2011
Opinion holding that Dr. Nye's testimony was sufficient to support the class
verdict.[26]

      Vivendi argues that because inflation did not increase with certain

---

[24]    The Individual Plaintiffs also filed this motion in No. 07 Civ. 7776,
which was dismissed on April 30, 2012 pursuant to *Morrison*.  Accordingly, the
motion in No. 07 Civ. 7776 is denied, and that case shall remain closed.

[25]    To be clear, this collateral estoppel ruling applies only to Vivendi, and
not to the Individual Defendants.

[26]    *See In re Vivendi Universal S.A., Sec. Litig.*, 765 F. Supp. 2d 512,
555-63 (S.D.N.Y. 2011).

misstatements, findings of loss causation with respect to those statements were superfluous and non-essential to the verdict.  While it is true that these statements did not *increase* inflation, the jury's verdict indicates that they found that the misstatements maintained the inflation.

Vivendi further argues that the maintenance theory only underscores that loss causation was not essential to the verdict because the jury could have found that the statements maintained inflation, or it could have reached the same general verdict without making specific findings of loss causation as to those statements.  However, I am not aware of any evidence in the record at the class trial that would indicate the jury's verdict was based on anything other than Dr. Nye's maintenance theory.  Although the jury's loss causation finding may not have increased damages, but only maintained them, the finding of loss causation was necessary for the jury to establish Section 10(b) liability with respect to each particular statement.  Because the loss causation issues relating to the Individual Plaintiffs are identical to those of the class, loss causation was actually litigated and decided in the class action, and Vivendi had a full and fair opportunity to contest loss causation, it is appropriate to grant collateral estoppel on the loss causation element in the Individual Plaintiffs' actions.[27]

---

[27]     This ruling in no way impacts the loss causation issue in the *Liberty Media* lawsuit, where this Court will soon be required to assess the sufficiency of

*Second*, the Individual Plaintiffs request collateral estoppel barring Vivendi from using the truth-on-the-market theory to rebut the fraud-on-the-market presumption of reliance.  The jury in the class action found that plaintiffs had established a presumption of reliance using the fraud-on-the-market theory. Although Vivendi attempted to rebut the presumption of reliance by arguing that the market already knew the truth that was omitted from Vivendi's statements, the jury rejected this argument.[28]  Because all of the elements of collateral estoppel are satisfied, Vivendi is barred from raising the truth-on-the-market defense in these actions.[29]

The Individual Plaintiffs suggest that remaining issues of reliance are susceptible to summary disposition because they have submitted transaction records and completed Rule 30(b)(6) depositions.[30]  Although the Individual Plaintiffs correctly note that reliance can be rebutted by showing that a plaintiff

---

Dr. Nye's testimony to support the jury's finding of loss causation.  The loss causation issues in the *Liberty Media* action are different from those presented in the class action.

[28]     *See id.* at 584.

[29]     Of course, the Individual Defendants are free to raise a truth-on-the-market defense.

[30]     *See* Individual Plaintiffs' Memorandum of Law in Support of Their Motion for an Order Limiting the Issues to Be Litigated on Grounds of Collateral Estoppel and for Partial Summary Judgment at 8 n.4.

knew the truth concerning the fraud or that the plaintiff did not rely upon the integrity of the market, Vivendi still vigorously argues that a lesser showing may be legally sufficient to rebut the presumption of reliance.[31]   The exact showing required to rebut the presumption of reliance will be determined at the time I resolve the scope of interrogatories that are sent to claimants in the class action. After that decision is made, which I will apply to these actions, the Individual Plaintiffs' actions will proceed through the same targeted reliance discovery that will occur in the class action.  If, following that discovery, the Individual Plaintiffs believe there are no material issues of fact, they may then seek summary judgment.

### 2.    GAMCO Plaintiffs

Vivendi argues that the collateral estoppel ruling should not apply to the GAMCO Plaintiffs because "[t]he general rule should be that in cases where a plaintiff could easily have joined in the earlier action . . . a trial judge should not allow the use of offensive collateral estoppel."[32]   The justification for the general rule is that offensive collateral estoppel gives "the plaintiff . . . every incentive to

---

[31]    *See* July 5, 2012 Opinion and Order, 2012 WL 2829556, at *6-8 (noting that Vivendi argues that "[a]ny showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price . . ." can rebut the presumption of reliance).

[32]    *Parklane Hoisery Co.*, 439 U.S. at 331.

-10-

adopt a 'wait and see' attitude, in the hope that the first action by another plaintiff will result in a favorable judgment."[33]  However, the Supreme Court "concluded that the preferable approach for dealing with these problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied."[34]

In considering the circumstances of this case, I find that GAMCO Investors, Inc. did not adopt a "wait and see" approach.  Although GAMCO did request to be deconsolidated from the class on July 14, 2009, before Judge Holwell issued the August 18, 2009 Order stating that the September 2009 trial would only include the class plaintiffs, GAMCO did not make this decision in a bad faith effort to curtail judicial efficiency – the primary concern in *Parklane Hoisery*.  Rather, GAMCO Investors, Inc. wished to try its case with the other GAMCO Plaintiffs because of the broad overlap of individualized reliance issues unique to the GAMCO Plaintiffs.  Finally, I note that GAMCO's request to be deconsolidated from the class is only one factor in the *Parklane Hoisery* analysis; the other factors are identical to the analysis with respect to the Individual Plaintiffs and Liberty

---

[33]     *Id.* at 330.

[34]     *Id.* at 331.

Media.  Accordingly, collateral estoppel is granted for GAMCO Investors, Inc.[35] to the same extent as granted to the Individual Plaintiffs.  Indeed, denying the motion by GAMCO Investors, Inc. would cause far greater judicial inefficiencies.

However, this ruling does not yet apply to the action of the remaining GAMCO Plaintiffs (the "Mutual Funds Action").[36]  The stay on the Mutual Funds Action was only recently lifted, and Vivendi has not yet responded to the Complaint.[37]  Because there has been no discovery yet in the Mutual Funds Action, I cannot determine whether that case presents the same issues as the class action. Accordingly, the motion for collateral estoppel in the Mutual Funds Action is denied without prejudice, with leave to renew.[38]

### 3.    Messier

Finally, I note that, should any of the actions in which Messier is a named defendant[39] proceed to trial, Messier would be severed.  As stated in the *Liberty Media* Opinion, it would be unfairly prejudicial to Messier to have a joint

---

[35]    No. 03 Civ. 5911.

[36]    No. 09 Civ. 7962.

[37]    *See* 8/2/12 Order, No. 09 Civ. 7962 [Docket No. 12].

[38]    The plaintiffs in the Mutual Funds Action should submit a letter in advance of the January 8, 2013 conference requesting application of the collateral estoppel ruling to the Mutual Funds Action, if they believe it appropriate.

[39]    No. 07 Civ. 7370, No. 07 Civ. 8156, No. 07 Civ. 11484.

trial with Vivendi where the jury would be instructed that Vivendi made fifty-seven materially false/untrue or misleading statements that misstated or omitted Vivendi's true liquidity risk, and Vivendi made those statements with scienter. Because the class action jury exonerated Messier of liability on all claims, the collateral estoppel motions are granted only to the extent that Messier would be severed from any trial of Vivendi.[40]

## IV.   CONCLUSION

For the foregoing reasons, defendants' motions to apply the damages methodology contained in the July 5, 2012 Opinion and Order are granted and plaintiffs' motions for collateral estoppel are granted in part and denied in part. The Clerk of the Court is directed to close these motions.[41]  The conference previously scheduled in the Individual Plaintiffs and GAMCO Plaintiffs actions for September 12, 2012 at 4:30 p.m. is moved to September 11, 2012 at 3:00 p.m.

---

[40]     Although Hannezo appears to have been dismissed as a defendant in the remaining Individual Plaintiff actions on failure of service grounds, if any trial were to proceed against him, he would be severed from the trial of plaintiffs' claims against Vivendi.

[41]     Nos. 02 Civ. 5571 [Docket Nos. 1149, 1153, 1155, and 1157]; 03 Civ. 5911 [Docket No. 89]; 07 Civ. 7370 [Docket Nos. 99 and 103]; 07 Civ. 7776 [Docket No. 98]; 07 Civ. 8156 [Docket Nos. 115 and 119]; 07 Civ. 11484 [Docket Nos. 99 and 103]; 09 Civ. 2568 [Docket No. 27]; 09 Civ. 2592 [Docket No. 40]; 09 Civ. 2603 [Docket No. 36]; 09 Civ. 7962 [Docket No. 5].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           August 10, 2012

-14-

**- Appearances -**

**For Individual Plaintiffs:**

Stuart M. Grant, Esq.
James J. Sabella, Esq.
Diane Zilka, Esq.
Christine M. Mackinstosh, Esq.
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, New York 10017
(646) 722-8500

Stuart L. Berman, Esq.
John A. Kehoe, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706

Mark S. Arisohn, Esq.
Joseph A. Fonti, Esq.
Labaton Sucharow LLP
140 Broadway
New York, New York
(212) 907-0700

**For GAMCO Plaintiffs:**

Vincent R. Cappucci, Esq.
Evan T. Raciti, Esq.
Entwistle & Cappucci LLP
280 Park Avenue, 26th Floor West
New York, New York 10017
(212) 894-7200

**For Defendant Vivendi, S.A.:**

Daniel Slifkin, Esq.
Paul C. Saunders, Esq.
Timothy Gray Cameron, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

Penny Packard Reid, Esq.
James W. Quinn, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue, 25th Fl.
New York, New York 10153
(212) 310-8000

**For Defendant Jean-Marie Messier:**

Michael J. Malone, Esq.
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2186

**For Defendant Guillaume Hannezo:**

Martin L. Perschetz, Esq.
Michael Everett Swartz, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
(212) 756-2247